United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41352
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DESMON CHARLES EASTER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CR-33-1
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Desmon Charles Easter appeals his conviction for conspiring

to possess 50 grams or more of a mixture containing cocaine base

with intent to distribute.  He contends that the indictment was

impermissibly vague because it failed to allege the dates of the

conspiracy with any specificity.  Because he did not challenge

the indictment in the district court, this court reviews for

plain error.  United States v. Cotton, 535 U.S. 625, 629-31

(2002).  The date of the offense is not an essential element that

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must be charged in the indictment.  United States v. Lokey, 945 F.2d 825, 832 (5th Cir. 1991).  Moreover, Easter has not established that his substantial rights were affected by any error in the date alleged on the indictment.  See Cotton, 535 U.S. at 631.

Easter contends that the evidence is insufficient to support his conviction because the Government did not prove at his trial that all the conspirators named in the indictment were involved in the conspiracy.  He has not established that the Government had a duty to prove the involvement of all other conspirators at a trial where Easter was the only defendant.  See United States v. Hernandez-Palacios, 838 F.2d 1346, 1348-49 (5th Cir. 1988) (defendant can be convicted of conspiracy even if his codefendants have been acquitted); cf. United States v. Morris, 46 F.3d 410, 420-22 (5th Cir. 1995)(although Government required to provide proof of the knowledge and participation of "each alleged conspirator," court reviewed evidence only of the appealing defendants' knowledge and participation).

Easter asserts alternatively that the failure to prove a seven-person conspiracy, as alleged in the indictment, constituted a fatal variance resulting in reversible error.  He has not established that he is entitled to relief on this ground. See Berger v. United States, 295 U.S. 78, 81 (1935).  The judgment of the district court is AFFIRMED.